HALSBAND LAW OFFICES
David S. Halsband, Esq.
Court Plaza South
21 Main St., East Wing
Third Floor, Suite 304
Hackensack, New Jersey 07601
T. 201.487.6249
F. 201.487.3176
E. david@halsbandlaw.com
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
-----------------------------------------------------------X

CARLA VOLPE,

                     Plaintiff,

-against-

HALEDON PUBLIC SCHOOL DISTRICT,
CHRISTOPHER WACHA, and BETH BARNHILL,

                     Defendants.
-----------------------------------------------------------X

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Civil Action No. _____

Plaintiff, by her counsel, Halsband Law Offices, alleges for his Complaint as follows:

## JURY DEMAND

1. Plaintiff demands a trial by jury of all issues in this action.

## NATURE OF ACTION

2. Plaintiff seeks to recover damages against Defendants for unlawful employment practices in violation of the Americans With Disabilities Act, 42 U.S.C. § 12101 et seq. ("ADA"), the New Jersey Law Against Discrimination, N.J.S.A. § 10:5-1, et seq. ("NJLAD"), and the Family and Medical Leave Act, 29 U.S.C. § 2601 et seq. ("FMLA").

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over Plaintiff's claims in this action based on 28 U.S.C. § 1331, the ADA, the FMLA, and under the principles of pendent jurisdiction.

4. The Defendants are found, transact business, have agents, and are within the jurisdiction of this Court.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391.

6. The United States Equal Employment Opportunity Commission issued a Dismissal and Notice of Rights dated January 20, 2021, and thus the ADA claims herein are timely as within ninety days thereof.

## PARTIES

7. Plaintiff is an adult resident of the State of New Jersey and currently resides in Totowa, New Jersey.

8. Defendant, Haledon Public School District ("Haledon"), is, and all times mentioned hereinafter was, a municipality within the State of New Jersey.

9. Haledon maintains a principal place of business at 91 Henry Street, Haledon, New Jersey 07508.

10. Defendant, Christopher Wacha, is an adult resident of the State of New Jersey.

11. At all relevant times, Wacha was the principal of Haledon.

12. Defendant, Beth Barnhill, is an adult resident of the State of New Jersey.

13. At all relevant times, Barnhill was the vice-principal of Haledon.

14. Haledon is an "employer" under the ADA.

15. Haledon is an "employer" under the NJLAD.

16. Haledon is an "employer" under the FMLA.

17. At all relevant times, Haledon employed Wacha.

18. Wacha controlled, in whole or in part, the terms and conditions of the Plaintiff's employment at Haledon.

19. At all relevant times, Haledon employed Barnhill.

20. Barnhill controlled, in whole or in part, the terms and conditions of the Plaintiff's employment at Haledon.

## FACTS

21. Plaintiff began her employment with Haledon in or about September 2019 as a Middle School Special Education Mathematics Teacher.

22. At all relevant times herein, Plaintiff performed her job duties competently and satisfactorily.

23. Plaintiff suffers from a disability under the ADA and NJLAD and was regarded as disabled by Defendants, and she has a record of her disability.

24. A medical provider diagnosed Plaintiff with Epilepsy and Seizure Disorder.

25. Plaintiff's condition is also a serious medical condition under the FMLA.

26. On or about November 21, 2019, Plaintiff provided Haledon with a letter from her medical provider identifying her disabilities and need for reasonable accommodations.

27. Defendants began to question the Plaintiff's job performance because of her disability.

28. Instead of raising such concerns with the Plaintiff, Defendants decided to "get some legal guidance" on how to deal with the Plaintiff, according to Beth Barnhill, Haledon's Vice-Principal, in an email dated December 4, 2019.

29. The Defendants' course of action was discriminatory against the Plaintiff because of her disability.

30. If the Defendants had nondiscriminatory concerns about the Plaintiff's job performance, they should have discussed such concerns with the Plaintiff.

31. However, because of the Plaintiff's disability, the Defendants instead sought legal advice.

32. It appears Barnhill's alleged concerns about the Plaintiff's job performance were actually based on employing a teacher with this disability and need for reasonable accommodations.

33. In addition, Plaintiff notified Barnhill on or about January 2, 2020, that Wacha had subjected her to a hostile work environment because of her disability.

34. In particular, Plaintiff reported to Barnhill that Wacha had criticized the Plaintiff for including her mother on emails with Haledon that were intended to discuss Plaintiff's disability and an action plan in case she had a seizure.

35. Wacha's criticism of the Plaintiff demonstrated a lack of good faith by Wacha to discuss reasonable accommodations with the Plaintiff.

36. The Plaintiff informed Barnhill that her medical providers had informed her that a seizure could render her permanently unconscious and thus her mother needed to be kept informed of the reasonable accommodation action plan in case she suffered a seizure during school.

37. Plaintiff's request to have her mother included on the reasonable accommodation action plan was also a reasonable accommodation for which Wacha retaliated against her.

38. The Plaintiff's report to Barnhill of Wacha's hostility about her disability was a legally protected activity under the ADA and NJLAD.

39. Barnhill informed Wacha's about Plaintiff's report of his hostility based on her disability.

40. As a result of increased seizures, one of the reasonable accommodations that the Plaintiff needed would have been for the school nurse to administer medication to her if she had a seizure at school.

41. The school nurse indicated she would administer the medication.

42. However, this school nurse then left on maternity leave.

43. The other school nurse refused to provide this reasonable accommodation and did not engage in a good faith discussion with the Plaintiff about doing so.

44. This school nurse did not make a good faith investigation into whether administering the seizure medication was reasonable, as she rejected it summarily.

45. Absent that accommodation, the other reasonable accommodation was that the Plaintiff needed time off beginning in or about January 2020 due to increased seizures and the need to adjust her medication.

46. This leave was until the end of February 2020.

47. Plaintiff's medical provider recommended an extension of her leave until June 1, 2020.

48. Haledon granted this leave, as shown by letter dated March 12, 2020.

49. Haledon stated in its Resolution dated March 10, 2020, that the Plaintiff's leave of absence was approved under the FMLA.

50. Haledon specifically designated Plaintiff's leave of absence from February 28, 2020 through May 29, 2020 as FMLA leave.

51. This leave was also a reasonable accommodation under the ADA and NJLAD.

52. On or about April 6, 2020, despite the Plaintiff being on legally-protected medical leave under the FMLA or ADA/NJLAD or all three, Defendants drafted an evaluation of her performance and gave her a 3.00 Rating, which is Effective.

53. This evaluation was based only on one observation that occurred on or about November 11, 2019.

54. Defendants evaluate teachers based on more than one observation under normal procedure.

55. Defendants deviated from their normal procedure in rating the Plaintiff based only on one evaluation.

56. Defendants deviated from their normal procedure because of the Plaintiff's disability and need for reasonable accommodations.

57. Defendants' deviation from their normal procedures was discriminatory against the Plaintiff because it deprived the Plaintiff from having the same number of observations as teachers not on legally-protected medical leave.

58. On or about April 20, 2020, Defendants notified the Plaintiff that they were not renewing her teaching position for the 2020-2021 school year and were thus terminating her employment as of June 2020.

59. Plaintiff's medical provider cleared her to return to work as of June 1, 2020.

60. Plaintiff returned to work as of June 1, 2020.

61. Plaintiff's employment terminated pursuant to Haledon's non-renewal of her teaching position as of June 30, 2020.

62. Defendants' decision to terminate Plaintiff's employment was because of her disability and her need for reasonable accommodations, and in retaliation against her for objecting to Wacha's hostility against her for reasonable accommodations, in violation of the ADA and NJLAD.

63. Defendants' decision to terminate the Plaintiff was also because of her FMLA leave.

64. As a result of the unlawful actions by Defendants, Plaintiff has sustained damages.

## First Claim

### ADA: Termination Against Haledon

65. The preceding paragraphs are incorporated herein.

66. By and through their course of conduct as alleged above, Haledon and its agents willfully violated the ADA by terminating the Plaintiff because of her disability.

67. As a consequence thereof, Plaintiff has been caused to suffer injuries and damages in amounts to be determined at trial.

## Second Claim

### ADA: Retaliation Against Haledon

68. The preceding paragraphs are incorporated herein.

69. By and through their course of conduct as alleged above, Haledon and its agents willfully violated the ADA by retaliating against the Plaintiff by terminating her employment because she requested reasonable accommodations for her disability.

70. As a consequence thereof, Plaintiff has been caused to suffer injuries and damages in amounts to be determined at trial.

### Third Claim

### NJLAD: Disability Discrimination and Termination Against Haledon

71. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

72. By and through their course of conduct as alleged above, Haledon and its agents willfully violated the NJLAD by terminating the Plaintiff's employment based on her disability.

73. As a consequence thereof, Plaintiff has been caused to suffer injuries and damages in amounts to be determined at trial.

### Fourth Claim

### NJLAD: Failure to Reasonably Accommodate Against Haledon

74. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

75. By and through their course of conduct as alleged above, Haledon and its agents violated the NJLAD by denying Plaintiff's request for a reasonable accommodation by refusing to provide the reasonable accommodation of administering medicine if necessary.

76. As a consequence thereof, Plaintiff has been caused to suffer injuries and damages in amounts to be determined at trial.

### Fifth Claim

### NJLAD: Retaliation Against Haledon

77. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

78. By and through their course of conduct as alleged above, Haledon and its agents violated the NJLAD by retaliating against the Plaintiff by terminating her employment because she requested reasonable accommodations for her disability.

79. As a consequence thereof, Plaintiff has been caused to suffer injuries and damages in amounts to be determined at trial.

### Sixth Claim

### NJLAD: Disability Discrimination Against Haledon

80. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

81. By and through their course of conduct as alleged above, Haledon and its agents willfully violated the NJLAD by discriminating against the Plaintiff by giving her an evaluation based on only one observation because of her disability and then using that evaluation to terminate the Plaintiff.

82. As a consequence thereof, Plaintiff has been caused to suffer injuries and damages in amounts to be determined at trial.

### Seventh Claim

### NJLAD § 10:5-12(e)
### Unlawful Aiding of Disability Discrimination Against Wacha

83. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

84. Plaintiff is a member of protected class under the NJLAD because of her disability.

85. By and through his course of conduct as alleged above, Wacha violated N.J.S.A. § 10:5-12(e), by attempting to and/or actually aiding, abetting, compelling, and/or coercing Haledon in discriminating against the Plaintiff because of her disability.

86. As a consequence thereof, Plaintiff has been caused to suffer injuries and damages in amounts to be determined at trial.

### Eighth Claim

### NJLAD: Unlawful Retaliation Against Wacha

87. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

88. Plaintiff is a member of protected class under the NJLAD because of her disability.

89. By and through his course of conduct as alleged above, Wacha violated the NJLAD by terminating the Plaintiff in retaliation against her because she requested reasonable accommodations for her disability.

90. As a consequence thereof, Plaintiff has been caused to suffer injuries and damages in amounts to be determined at trial.

### Ninth Claim

### NJLAD: Unlawful Retaliation Against Wacha

91. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

92. Plaintiff is a member of protected class under the NJLAD because of her disability.

93. By and through his course of conduct as alleged above, Wacha violated the NJLAD by terminating the Plaintiff in retaliation against her because she objected to his harassment of her based on her disability.

94. As a consequence thereof, Plaintiff has been caused to suffer injuries and damages in amounts to be determined at trial.

### Tenth Claim

### NJLAD § 10:5-12(e)
### Unlawful Aiding of Disability Discrimination Against Barnhill

95. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

96. Plaintiff is a member of protected class under the NJLAD because of her disability.

97. By and through her course of conduct as alleged above, Barnhill violated N.J.S.A. § 10:5-12(e), by attempting to and/or actually aiding, abetting, compelling, and/or coercing Haledon in discriminating against the Plaintiff because of her disability.

98. As a consequence thereof, Plaintiff has been caused to suffer injuries and damages in amounts to be determined at trial.

### Eleventh Claim

### Unlawful Termination In Violation Of The FMLA Against Haledon

99. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

100. By designating the Plaintiff's leave as FMLA leave, Haledon is estopped from maintaining that the Plaintiff was not an eligible employee under the FMLA.

101. By and through their course of conduct as alleged above, Haledon unlawfully terminated the Plaintiff's employment in violation of the FMLA because the Plaintiff took medical leave due to her serious health condition.

102. By and through their course of conduct as alleged above, Defendant caused Plaintiff to suffer injuries and damages in amounts to be determined at trial.

## Twelfth Claim

### Unlawful Termination In Violation Of The FMLA Against Wacha

103. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

104. By and through his course of conduct as alleged above, Wacha unlawfully terminated the Plaintiff's employment in violation of the FMLA because the Plaintiff took medical leave due to her serious health condition.

105. By and through his course of conduct as alleged above, said Defendant caused Plaintiff to suffer injuries and damages in amounts to be determined at trial.

## Thirteenth Claim

### Unlawful Interference In Violation Of The FMLA Against Haledon

106. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

107. Haledon interfered with Plaintiff's rights to FMLA leave by deciding to terminate her employment because of her FMLA medical leave and by depriving the Plaintiff of more than one observation because of her FMLA leave.

108. Defendants' violations of the FMLA were willful.

109. By and through their course of conduct as alleged above, Defendant and its agents caused Plaintiff to suffer injuries and damages in amounts to be determined at trial.

## PRAYER FOR RELIEF

**WHEREFORE,** the Plaintiff prays that this Court:

    (a) accepts jurisdiction over this matter;

    (b) impanels and charges a jury with respect to the claims for relief; and

    (c) awards the following damages against Defendants:

    i.      Back pay, front pay, and all benefits along with pre- and post-judgment interest in amounts to determined at trial;

    ii.     Punitive, liquidated, and compensatory damages including, but not limited to, damages for pain and suffering, anxiety, humiliation, physical injuries and emotional distress in order to compensate Plaintiff for the injuries suffered and to signal to other employers that discrimination in employment is repulsive to legislative enactments in amounts to be determined at trial,

    iii.    Attorney's fees, costs and expenses as provided for by the applicable statutes;

    iv.    Reinstatement;

    v.     Any other relief which this Court deems just and equitable.

**CERTIFICATION PURSUANT TO LOCAL RULE 11.2:** I hereby certify that to the best of my information, knowledge and belief that the matter in controversy is not the subject of any other action pending in any court or of any pending arbitration proceeding or administrative proceeding.

Dated: Hackensack, New Jersey
       February 5, 2021

Respectfully submitted,

**HALSBAND LAW OFFICES**

By:   s/David S. Halsband
        David S. Halsband, Esq.
        Attorney for Plaintiff
        Court Plaza South
        21 Main St., East Wing
        Third Floor, Suite 304
        Hackensack, New Jersey 07601
        T. 201.487.6249
        F. 201.487.3176
        E. david@halsbandlaw.com